BASCHAB, Presiding Judge,
concurring in part, concurring in result in part, and concurring specially in part.
I concur in the result as to Part I of the majority opinion, concur specially as to Part II of the majority opinion, and concur as to Part III of the majority opinion.
With regard to Part I of the majority opinion, I do not agree with the majority’s reliance on the reasoning in Ex parte C.L.Y., In re Moore, and United States v. Joe because those cases involved statements by victims of sexual abuse. However, I do agree with the majority that the victim’s statement in this case was admissible pursuant to Rule 803(4), Ala. R. Evid., and Biles. I also note that McCoy’s testimony was merely cumulative to the victim’s trial testimony. Therefore, I concur in the result as to Part I of the majority opinion.
With regard to Part II of the majority opinion, I question whether attempting to “bargain away” criminal charges as part of a divorce settlement is legal or ethical. A criminal case is brought in the name of the State, and it is not the province of the victim to dictate the course of its prosecution. Although the victim is a critical participant in the criminal justice process, in the end, the case is not the victim’s to dismiss. Leveraging the resolution of criminal proceedings as a quid pro quo for settling civil matters has the potential to subvert the criminal justice system and harm those it is designed to protect. The potential for such harm is exacerbated in domestic violence cases. Therefore, I write specially to encourage attorneys not to engage in this highly questionable practice.